# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

GREATAMERICA LEASING
CORPORATION,

    Plaintiff,

vs.

WAHOO PRODUCTIONS OF
FLORIDA, INC.,

    Defendant.

No. 09-CV-137-LRR

**ORDER**

_____

## *I. INTRODUCTION*

The matter before the court is Plaintiff GreatAmerica Leasing Corporation's "Motion for an Order Requiring Defendant Wahoo Productions of Florida, Inc. to Return Leased Equipment" ("Motion") (docket no. 27).

## *II. PROCEDURAL BACKGROUND*

On August 28, 2009, Plaintiff filed a Petition at Law ("Complaint") (docket no. 4) against Defendants Wahoo Productions of Florida, Inc. and Hog Heaven, Inc.[1] in the Iowa District Court for Linn County, case no. LACV066601. On September 17, 2009, Defendant removed the action to this court pursuant to 28 U.S.C. § 1441. On February 26, 2010, Plaintiff filed the Motion. On March 5, 2010, Defendant filed an Answer. On March 10, 2010, Defendant filed a Response (docket no. 29) to the Motion.

## *III. RELEVANT FACTUAL BACKGROUND*

On July 4, 2008, Plaintiff and Defendant entered into a "Lease Agreement." Plaintiff's Exhibit 1 (docket no. 27-2), at 2. Pursuant to the Lease Agreement, Plaintiff

---

[1] On February 8, 2010, Plaintiff dismissed Hog Heaven, Inc. from the instant action.

agreed to lease certain restaurant equipment to Defendant. Plaintiff alleges that Defendant breached the Lease Agreement by failing to make the required payments.

## IV. ANALYSIS

Plaintiff argues that Defendant defaulted on the Lease Agreement and that Plaintiff has demanded the return of the equipment. Plaintiff contends that Defendant refused to return the equipment or otherwise allow Plaintiff to repossess it. Accordingly, Plaintiff asks the court to "enter an Order that [Plaintiff] be allowed onto [Defendant's] premises during normal business hours to remove the equipment which is the subject of the Lease Agreement." Motion at 2.

The Lease Agreement is a "'Finance Lease' under Article 2A of the Uniform Commercial Code ('UCC')." Lease Agreement at ¶ 2. Iowa law[2] provides that "[a]fter a default by the lessee . . . the lessor has the right to take possession of the goods." Iowa Code § 554.13525(2); *see also* Iowa Code § 554.13523(1)(c) (providing that, in the event of default, the lessor may "take possession of goods previously delivered"). Default occurs when, among other things, the lessee "fails to make a payment when due[.]" Iowa Code § 554.13523(1). The lessor may take possession of the goods "without judicial process if it can be done without breach of the peace or the lessor may proceed by action."[3] Iowa Code § 554.13525(3).

Defendant asks the court to "defer ruling" on the Motion for several reasons. Response at 1. First, Defendant contends that the equipment subject to the Lease Agreement "is not the only equipment at the facilities where they are located." *Id.* Second, Defendant argues that "[m]uch of the leased equipment was never delivered." *Id.*

---

[2] The Lease Agreement provides that it shall be governed by Iowa law and neither party suggests otherwise.

[3] Iowa's version of the Uniform Commercial Code defines "'action' in the sense of a judicial proceeding" to include "recoupment, counterclaim, setoff, suit in equity, and any other proceedings in which rights are determined." Iowa Code § 554.1201(2)(a).

Third, Defendant argues that "Plaintiff should be required to identify the specific equipment subject to the [L]ease [A]greement by identifying the individual items and setting forth their serial numbers." *Id.* Defendant asserts that, once it has this information, "its counsel will work with counsel for [P]laintiff in attempting to assemble the property." *Id.* Defendant asks the court to defer ruling on the Motion "until such time as [Plaintiff] has provided [it] with the requested information and the parties have had an opportunity to attempt to resolve the matter without the court's intervention." *Id.*

Beyond the generic description of "the equipment which is the subject of the Lease Agreement," Plaintiff does not identify what equipment it seeks to repossess. Motion at 2. "Schedule A," which is attached to the Lease Agreement, lists several pieces of equipment and the quantity of each. *See* Plaintiff's Exhibit 1 at 5. However, Plaintiff does not reference any particular equipment from the list or explain if it seeks to repossess every item on the list or only some of it. The listing is also of little use in light of Defendant's contention that it "has never received much of the equipment which is the subject of this [Lease Agreement]." Answer ¶ 12.

The court agrees with Defendant that it would be inappropriate to enter a "blanket order without first knowing exactly what property [P]laintiff seeks to obtain." Response at 1. In the analogous context of replevin actions, Iowa law requires the plaintiff to provide a "particular description of the property claimed." Iowa Code § 643.1(1). Accordingly, Iowa courts have denied requests for a writ of replevin where the plaintiff failed to sufficiently identify the property at issue. *See Prenger v. Baker*, 542 N.W.2d 805, 807 (Iowa 1995) (affirming trial court's determination that the plaintiffs were not entitled to possession of ostriches where they failed to meet their burden of proof as to identification). The court is unable to issue an appropriate order without the benefit of a specific identification of the equipment Plaintiff seeks to repossess. However, in the event Plaintiff chooses to seek similar relief at a later date, the court shall deny the Motion

without prejudice.[4]

## V. CONCLUSION

In light of the foregoing, the Motion (docket no. 27) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**DATED** this 19th day of July, 2010.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[4] The court notes that Defendant expressed a willingness to cooperate with Plaintiff's requests in the event Plaintiff provided a more detailed description of the equipment. However, the parties have not informed the court if such efforts have been made and, if so, whether they were able to resolve this issue. If no efforts have been made, the parties are encouraged to work together to resolve how best to return the leased equipment.